UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY SEAMAN,

    Petitioner,                                                     Civil Action No. 08-CV-14038

v.                                                        HON. BERNARD A. FRIEDMAN

HEIDI WASHINGTON,

    Respondent.
                                      /

**<u>ORDER GRANTING PETITIONER'S MOTION FOR EVIDENTIARY HEARING</u>**

Petitioner Nancy Seaman filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court appointed counsel to represent petitioner.  Petitioner challenges her conviction for first-degree murder.  Now before the court is petitioner's motion for an evidentiary hearing [docket entry 5].

Petitioner's conviction arises from the killing of her husband Robert Seaman on May 10, 2004.  Seaman died after petitioner struck him numerous times with a hatchet and stabbed him with a knife.  Petitioner admitted that she inflicted the fatal blows, but argued that she had been the victim of verbal and physical abuse in her marriage for many years.  Petitioner argued that she killed her husband in self-defense and two expert defense witnesses testified that her behavior was consistent with that of someone suffering from battered spouse syndrome.

Petitioner seeks an evidentiary hearing to establish a factual basis for her ineffective assistance of counsel claims.  On habeas review, a federal court must presume that all determinations of factual issues made by the state court are correct.  *See* 28 U.S.C. § 2254(c)(1).  A federal court

may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

The court shall first review the history of petitioner's case in state court to determine whether petitioner was diligent in her attempt to develop the factual record for her ineffective assistance of trial counsel claims.[1]

Petitioner was found guilty, following a jury trial in Oakland County Circuit Court, of first-degree murder. On January 24, 2005, she was sentenced to life imprisonment without possibility of parole. Petitioner filed a motion for directed verdict of acquittal, new trial, and for an evidentiary hearing. The trial court held that premeditation and deliberation were not established and reduced the conviction to one of second-degree murder. The trial court denied the request for an evidentiary hearing.

---

[1] Petitioner's motion for evidentiary hearing makes a single reference to a claim of ineffective assistance of appellate counsel. However, the petition does not raise such a claim. Petitioner's ineffective assistance of appellate counsel claim was first raised in her motion for relief from judgment. Petitioner has expressly decided not to exhaust that claim and not to raise it in her petition. *See* Petition at xiv-xv. Therefore, the court concludes that petitioner seeks an evidentiary hearing only on her ineffective assistance of trial counsel claims, not on a claim of ineffective assistance of appellate counsel.

The prosecutor filed an application for leave to appeal the trial court's order reducing the conviction. The Michigan Court of Appeals granted leave to appeal and consolidated the appeal with petitioner's appeal of right. In her appeal of right, petitioner raised the following claims:

> I. The murder verdict entered in this case is a manifest injustice and it violates the federal and Michigan due process right to a fair trial because the verdict is against the great weight of the evidence.
>
> II. The prosecution engaged in multiple and pervasive forms of prosecutorial misconduct, such that the state and federal constitutional right to a fair trial and due process were violated.
>
> III. Trial counsel was ineffective under the state and federal constitutions for not discovering or presenting certain exculpatory evidence, failing to properly prepare or question Dr. Walker, and failing to object to prosecutorial misconduct and instructional error. A new trial should have been ordered by the trial court.
>
> IV. In addition to the errors alleged above, Nancy was denied a due process right to a properly instructed jury, under the Michigan and Federal Constitutions, where jury instructions were incomplete, confusing, and misleading.
>
> V. The trial court reversibly erred when it failed to grant a mistrial after the prosecutor used rebuttal argument to allege that defendant removed a cover from the hatchet and therefore premeditated, when no evidence was ever submitted that the hatchet had a cover.
>
> VI. The cumulative effect of the errors denied defendant a fair trial.

Petitioner also filed a motion to remand for an evidentiary hearing on her ineffective assistance of trial counsel claims. The Michigan Court of Appeals denied petitioner's motion to remand. *See People v. Seaman,* Nos. 260816 & 265572 (Mich. Ct. App. Dec. 16, 2005). The Michigan Court of Appeals held that the trial court abused its discretion when it reduced petitioner's first-degree premeditated murder conviction and reversed the trial court's order reducing the conviction. *See People v. Seaman*, Nos. 260816 & 265572 (Mich. Ct. App. Feb. 13, 2007). The

Michigan Court of Appeals affirmed the trial court's decisions which were challenged by petitioner.

*See id.*

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the following claims:

> I. The Court of Appeals erred when it denied all issues presented by defendant in docket number 260816, and reversed the trial judge and reinstated the first-degree murder conviction in docket number 265572.
>
>> A. The trial judge did not . . . abuse his discretion under *Spalding* or *Babcock III* when he acted in a principled manner to try to remedy an unfair trial.
>>
>> B. The Court of Appeals erred in denying defendant an evidentiary hearing on ineffective assistance and related claims she supported and diligently presented below.
>>
>> C. The Court of Appeals erred in denying defendant a new trial on grounds of prosecutor misconduct.
>>
>> D. Defense counsel was ineffective under the Sixth Amendment of the United States Constitution.
>>
>> E. Michigan law violates the federal Equal Protection Clause insofar as the defense may not ask a battered spouse syndrome expert to address the specific behavior of the accused.
>>
>> F. Defendant was denied due process under the federal and state constitutions where her jury instructions were incomplete, confusing and misleading.
>>
>> G. Defendant was denied a fair hearing by the Court of Appeals when it clearly misunderstood the facts and issues raised by the defense.

Petitioner also asked the Michigan Supreme Court to remand for an evidentiary hearing on her ineffective assistance of counsel claims. The Michigan Supreme Court denied leave

to appeal, without separately ruling on petitioner's request for an evidentiary hearing. *See People v. Seaman*, 480 Mich. 888 (2007).

In 2008, Petitioner filed a motion for relief from judgment in the Oakland County Circuit Court, raising the following claims:

> I. Trial counsel and appellate counsel were ineffective under the Sixth Amendment of the United States Constitution.
>
> II. Defendant was denied federal due process because Michigan's limitations on expert testimony in cases involving battered woman syndrome violate the defendant's constitutional right to present a defense.
>
> III. Defendant was denied federal due process and the right to confrontation violative of her Fifth, Sixth, and Fourteenth Amendment rights when the prosecutor presented herself as an unsworn expert witness on battered woman syndrome and used the prestige of her office to offer testimony about the syndrome.
>
> IV. Defendant was denied due process in violation of her Fourth, Fifth, and Fourteenth Amendment rights when she was subjected to interrogation and warrantless search prior to *Miranda* rights.
>
> V. Defendant was denied federal due process when jury bias from pretrial exposure made it impossible for defendant to get a fair trial.
>
> VI. The cumulative effect of the errors described herein and in defendant's brief #260816 and #265572 denied defendant a fair trial and was violative of her due process rights.

While her motion for relief from judgment was pending in the Oakland County Circuit Court, petitioner filed the pending petition for a writ of habeas corpus. At the time she filed her habeas petition, petitioner asked the court to hold the petition in abeyance while she completed collateral review of unexhausted claims in state court. The court granted her motion and administratively closed the matter. One month later, petitioner filed a motion asking the court to lift the stay, stating that she did not wish to pursue her unexhausted claims in state court or raise those

5

claims in her habeas petition. The court granted the motion. Petitioner raises the following claims in her habeas petition:

> I. Defendant was denied due process when the court of appeals denied defendant an evidentiary hearing on ineffective assistance and related claims she supported and diligently presented and instead based their ruling on misinterpreted evidence or they ignored some issues completely.
>
> II. Defendant was denied federal due process and a fair trial due to egregious and pervasive prosecutorial misconduct.
>
> III. Defendant was denied federal due process and a fair trial where the jury instructions were incomplete, confusing and misleading.
>
> IV. Defendant was denied federal due process because Michigan's limitations on expert testimony in cases involving battered woman syndrome violate the defendant's constitutional right to present a defense.
>
> V. Trial counsel was constitutionally ineffective under the Sixth Amendment of the United States Constitution . . . for failure to object to all instances of prosecutorial misconduct . . . and for failure to investigate and present evidence for issues discussed in argument I.
>
> VI. The murder verdict in this case is a manifest injustice and it violates the federal due process right to a fair trial because the verdict is against the great weight of the evidence.
>
> VII. The cumulative effect of the errors described herein and in defendant's brief #260816 and 265572 denied defendant a fair trial and was violative of her due process rights.

In sum, petitioner took the following steps to develop the state court factual record for her ineffective assistance of counsel claims: She raised these claims at her first opportunity to do so, in a motion before the trial court. She also requested remand for an evidentiary hearing in

her appeal of right to the Michigan Court of Appeals and in her application for leave to appeal to the Michigan Supreme Court.

Petitioner provided the state courts "the first opportunity to review her ineffective assistance of counsel claims and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "[C]omity is not served by" foreclosing an evidentiary hearing in federal court where a petitioner "was unable to develop his claim in state court despite diligent effort." *Williams*, 529 U.S. at 437. The court concludes that petitioner diligently sought to develop the factual record for her ineffective assistance of counsel claims in state court.

An evidentiary hearing may be held only if the alleged constitutional violation, if established, is sufficient to warrant the issuance of the writ. *See Sawyer*, 299 F.3d at 610. Petitioner raises several substantial, potentially meritorious ineffective assistance of counsel claims. The court cannot decide before hearing testimony adduced at the evidentiary hearing whether trial counsel's conduct was the result of reasonable trial strategy or was outside the realm of reasonably competent assistance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Because petitioner's claims, if established, may warrant habeas corpus relief, the court finds the interests of justice warrant an evidentiary hearing on the issue of ineffective assistance of trial counsel.

The Court concludes that petitioner was diligent in her attempt to develop the factual record in state court and that her factual allegations, if correct, may establish a constitutional violation. Thus, petitioner has satisfied the prerequisites for an evidentiary hearing. Accordingly,

IT IS ORDERED that petitioner's motion for evidentiary hearing is granted.  An evidentiary hearing shall be conducted in this matter on Tuesday, November 24, 2009, at 10:00 a.m.

           S/Bernard A. Friedman_____
           BERNARD A. FRIEDMAN
           UNITED STATES DISTRICT JUDGE

Dated:  September 15, 2009
      Detroit, Michigan

Dated:  September 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 15, 2009, by electronic and/or ordinary mail.

           S/Carol Mullins_____
           Case Manager